NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____

                             :

**CHIDI EZEOBI,**                 :

                             :       **Civ. No. 16-1684(RMB)**

         **Petitioner,**    :

                             :

     **v.**                    :         **OPINION**

                             :

**MARK KIRBY, ADMINISTRATOR,**  :
**FCI FAIRTON,**[1]

                             :

         **Respondent.**   :

_____   :

This matter comes before the Court upon Petitioner Chidi Ezeobi's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging the Bureau of Prisons ("BOP") erred in denying prior custody credit that the sentencing court recommended he receive. (Pet., ECF No. 1.) Respondent filed an Answer, opposing habeas relief. (Resp.'s Answer to Pet. For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Answer"), ECF Nos. 9, 11, 12.) Petitioner filed a reply. (Petr's Reply to the Resp.'s Answer to Habeas Corpus Pursuant to 28 U.S.C.

_____

[1] Petitioner's immediate custodian is the proper respondent to his petition under 28 U.S.C. § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). The Court substitutes Mark Kirby, Administrator of FCI Fairton, as the respondent in this matter. (Answer, ECF No. 9 at 2 n. 1).

2241 ("Petr's Reply") ECF No. 10.)   For the reasons discussed below, the Court denies the petition.

I.   BACKGROUND

Petitioner is an inmate at FCI Fairton.  (Pet., ECF No. 1 at 1.)  On July 29, 2010, Petitioner was indicted in the United States District Court for the Southern District of New York, charged with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Conspiracy to Export Cocaine, in violation of 21 U.S.C. §§ 841, 846, and 963. (Decl. of Bryan Erickson ("Erickson Decl.") ECF No. 12, ¶5(a); Doc. 1c., ECF No. 12 at 10.)   At that time, Petitioner was serving a foreign sentence in the United Kingdom.  (Erickson Decl., ECF No. 12, ¶5(b); Doc. 1d., ECF No. 12 at 19.)

On August 9, 2010, the United States requested that the United Kingdom ("U.K.") issue a provisional arrest warrant for Petitioner.  (Id.)   The U.K. denied the request because Petitioner was serving a domestic sentence.  (Id.) Petitioner was deported to the United States on March 3, 2011, and arrested and detained by the New York City Police Department pending a transfer to federal authorities.  (Erickson Decl., ECF No. 12, ¶5(d); Doc. 1f, ECF No. 12 at 38.)   On the following day, Petitioner was taken into custody by officers of the Drug Enforcement Administration ("DEA").  (Erickson Decl., ECF No. 12, ¶5(e); Doc. 1g, ECF No. 12 at 40-41.)

On October 21, 2011, Petitioner was found guilty on two counts of his multiple count federal criminal Indictment in the Southern District of New York. (Erickson Decl., ECF No. 12, ¶¶4(a), 5(f)). He was sentenced on February 15, 2012, to a 151-month term of imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Conspiracy to Export Cocaine, in violation of 21 U.S.C. §§ 841, 846, and 963. (Erickson Decl., ECF No. 12, ¶5(g); Doc. 1h, ECF No. 12 at 43-44.) Upon imposition of the federal sentence, the sentencing court recommended that Petitioner receive seven months of prior custody credit for time served in the U.K. from August 2010 through March 2011. (Pet., ECF No. 1-2 at 2.)

At Petitioner's sentencing, the Government represented that Petitioner's voluntary deportation from the U.K. to Nigeria was stopped due to the U.S. federal indictment. (Declaration of Anne B. Taylor ("Taylor Decl."), Ex. A., ECF No. 9-6 at 4.) Petitioner was placed back in detention "to serve out the rest of his term until May 2011." (Id.) The sentencing court summarized the facts, stating that Petitioner had qualified for early deportation to Nigeria, but was not permitted by the British authorities to take advantage of this early deportation program due to the Indictment in the United States. (Id. at 4-5.) The Government and the Defense agreed with the Court's summary. (Id. at 5.)

The BOP concluded that Petitioner was held in the U.K. pursuant to his foreign conviction and his pending deportation. (Erickson Decl., ECF No. 12, ¶¶11-14.) Petitioner's 151-month federal sentence was computed as commencing on the date of sentencing, February 15, 2012. (Id., ¶5(h); Doc. 1i, ECF No. 12 at 50-51.) Petitioner was given 349 days of prior custody credit for March 3, 2011 through February 14, 2012. (Id. at 51.) His projected release date is February 16, 2022, assuming he receives all good conduct time available to him under 18 U.S.C. § 3624(b). (Id.) Petitioner filed an administrative remedy request. (Pet., ECF No. 1-2 at 7-17.)

II. DISCUSSION

A. Arguments

Petitioner contends that the BOP failed to grant prior custody credit against his federal sentence for his time served in the U.K. from August 2010 to March 2011. (Pet., ECF No. 1 at 2-5.) Respondent counters that an investigation by the Bureau of Prisons revealed that Petitioner was held by the U.K. authorities pursuant to a criminal conviction in that country, not an extradition request. (ECF No. 9 at 11-12.) Therefore, Respondent concludes Petitioner is precluded from prior custody credit under 18 U.S.C. § 3585(b) because he seeks credit for time which was credited against another criminal sentence. (Id. at 13-15.) In reply, Petitioner contends the sentencing court

was aware of the pertinent facts, and its recommendation for prior custody credit complied with 18 U.S.C. § 3585(b). (Petr's Reply, ECF No. 10 at 3.)

B.    Sentence Computation

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335-36 (1992). There are two determinations required in the computation of a federal sentence: (1) the date on which the federal sentence commences; and (2) whether the prisoner can receive credit for any time spent in custody prior to the commencement of the federal sentence. See Mills v. Quintana, 408 F. App'x 533, 535 (3d Cir. 2010) (citing 18 U.S.C. § 3585.) 18 U.S.C. § 3585(a) governs the sentence commencement date, and 18 U.S.C. § 3585(b) governs prior custody credit. (Id.)

1.    Commencement of Federal Sentence

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "In no case can a federal sentence of imprisonment commence [in accordance with § 3585(a)] earlier than the date on which it is imposed." See Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011) (quoting BOP Program Statement

5880.28, and finding it warrants deference because it is a permissible interpretation of § 3585.) Therefore, the BOP correctly determined that Petitioner's sentence commenced on February 15, 2012, the date it was imposed.

2. Prior Custody Credit

18 U.S.C. § 3585(b), which governs prior custody credit, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Section 3585(b)(2) does not apply in Petitioner's situation because he was not in custody on August 9, 2010 through March 2, 2011 as the result of another charge that arose after the commission of his federal offense. During that period, Petitioner was in custody of the U.K. for service of a sentence imposed by the U.K. before his federal indictment. He voluntarily deported to the United States, arriving on March 3, 2011, prior to expiration of his U.K. sentence.

6

Mehta v. Wigen, 597 F. App'x 676 (3d Cir. 2015) is distinguishable from the case at bar. In Mehta, the Third Circuit held that the BOP, relying on the sentencing court's intention that Mehta not receive credit, incorrectly denied sentencing credit for time Mehta spent in custody in England pursuant to an extradition request by the United States,. Here, Petitioner was in custody in the U.K. pursuant to an unexpired U.K. sentence, there was no extradition request. The U.S. requested the U.K. issue a provisional arrest, but this was denied.

Furthermore, consistent with Mehta, it is the BOP that determines prior custody credit under § 3585(b), not the sentencing court. 597 F. App'x at 679 ("§ 3585(b) does not authorize a district court to compute the credit at sentencing" (quoting Wilson, 503 U.S. at 334). Therefore, the BOP correctly determined that it could not award double credit for the period of August 9, 2010 through March 2, 2011, because Petitioner received credit against his U.K. sentence for that time in custody. See Mills, 408 F. App'x at 536 ("[u]nder § 3585(b), time served on a federal detainer does not qualify as federal prior custody credit if that time has been credited against another sentence.") The fact that Petitioner might have been deported to Nigeria without serving his full U.K. sentence does

not detract from the conclusion that he received credit against his U.K. sentence for August 9, 2010 through March 2, 2011.


III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court denies the petition for a writ of habeas corpus under 28 U.S.C. § 2241.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: April 27, 2017